*504 OPINION.
Black:
The principal issue in this proceeding is the correctness of the action of the Commissioner in allocating to petitioner all of the deficiencies determined for 1918 and 1919 upon the basis of consolidated income of petitioner and certain other corporations with which it was affiliated during the respective taxable years.
Petitioner contends that no agreement was ever filed with the Commissioner consenting to the assessment of the entire deficiency against petitioner and that none was ever entered into. Respondent, at the hearing, while admitting that no such agreement was ever filed with the bureau of internal revenue, contended that petitioner and its affiliated corporations by their course of conduct had entered into such an implied agreement and are now estopped to deny that such an agreement existed. Respondent filed no brief.
Section 240 (a) of the Revenue Act of 1918 provides: “In any case in which the tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of such agreement, then on the basis of the net income properly assignable to each.”
The record is uncontroverted to the effect that there was no agreement that all the tax shown by the consolidated returns should be assessed against petitioner, the Central Market Street Company. In fact, the Central Market Street Company did not file the consolidated return for 1919; it was filed for that year by the Stanley Company of America as the reporting company and the Central Market Street Company (petitioner) was included in the return as one of the subsidiaries, and the information return which petitioner filed on Form *505 1122 specifically instructed that none of the tax should be apportioned to petitioner because it had a loss instead of income in 1919.
When the consolidated returns were filed for 1918 and 1919, in each instance they were accompanied by information returns on Form 1122, wherein it was requested that the tax be apportioned against the afliliated corporations in the amounts set out in these respective information returns. Notwithstanding these instructions, the assessment for the year 1918 was made against the petitioner, which paid the first two installments of the tax. For the year 1919 the tax shown on the consolidated return was assessed against the Stanley Company of America, which paid the tax assessed for that year as well as the last two installments of the previous year. On this state of facts we see no warrant for holding that the entire amount of the deficiencies should be assessed against petitioner.
In Morganite Brush Co., 24 B. T. A. 176, we held that the burden of proving the existence or nonexistence of an agreement between affiliated corporations respecting allocation of consolidated tax liability was upon the taxpayer. In the instant case the petitioner has met the burden of proof by showing that there was no agreement to the effect that all the tax should be assessed against the petitioner, but that, on the contrary, in each of the taxable years the subsidiaries filed information returns on Form 1122 in which they each directed how much of the total tax shown on the original return should be apportioned to each corporation included in the consolidated return.
In the instant case we have no such state of facts as we had before us in American Textile Woolen Co. et al., 23 B. T. A. 670, where we held there was an implied agreement to the effect that all the tax should be assessed against the parent corporation. In that case there were four corporations affiliated with the parent corporation, and only one of them filed an information return on Form 1122 directing how the tax shown on the consolidated return should be apportioned.
In the instant case, information returns on Form 1122 were filed by all the subsidiaries, directing how the tax should be apportioned. Such directions are controlling as to the part of the deficiencies properly allocable to them and we are without authority to disregard them. Flannery Bolt Co. v. Commissioner, 54 Fed. (2d) 365.
As to the year 1918, it has been pointed out in the findings of fact that the consolidated net income as shown on the return was $98,-289.73, and this has been increased by the respondent to $113,265.16. Petitioner does not contest the correctness of this increase. Most of the increase is due to increasing petitioner’s net income from $99,- *506 611.90, as shown on the original return, to $110,653.80, as reauditecl by the Commissioner.
Petitioner is liable for that part of the deficiency asserted by the respondent for the year 1918 which is due to its own increase in income, as shown above. Petitioner had no net income for 1919 and is not liable for any of the deficiency asserted by the respondent for that year.
Where respondent, as in the instant case, was fully advised that directions for apportioning the tax were on file for both taxable years, he can not plead estoppel against petitioner merely because petitioner, in its several protests to the bureau against .the deficiencies, did not raise the question of respondent’s right to allocate all the deficiencies to petitioner. The Commissioner can not create an estoppel by his own failure to perform the act directed by the plain provisions of the law. Every fact necessary to be known for the performance of his duty was within his knowledge when the return was filed. Cf. Newport Co., 22 B. T. A. 833.
Although respondent has filed no brief in this proceeding, at the hearing his counsel contended that we had before us on the appeal not only the petitioner, Central Market Street Company, but its subsidiaries as well. In support of such contention he cited American Auto Trimming Co. et al., 6 B. T. A. 1007; affirmed in part and reversed in part, 37 Fed. (2d) 801. In that case the facts show that deficiencies were determined not only against the parent corporation, but also against the corporations claimed to be affiliated, and that all appealed. In such a situation we held that we had jurisdiction of the subsidiaries.
In Furniture Exhibition Building Co., 24 B. T. A. 1279, we again followed that ruling, but we also held that we had no jurisdiction of years in which no deficiencies were determined against the subsidiary.
In the instant case, no deficiencies have been determined against the subsidiaries. They are not before us in any way as petitioners and respondent’s contention that we have jurisdiction to determine deficiencies against them is denied. Furniture Exhibition Building Co., supra; Caughey-Jossman Co., 8 B. T. A. 201; New York Talking Machine Co., 13 B. T. A. 154; Phoenix National Bank, 14 B. T. A. 115; American, Creosoting Co., 12 B. T. A. 247.
Reviewed by the Board.

Decision will be entered under Rule 50.